UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JASON M. RAMOS, <br><br>                                Plaintiff, <br><br>        v. <br><br> STATE OF WASHINGTON DEPARTMENT OF CORRECTIONS, *et al.*, <br><br>                                Defendants. | Case No. C21-5902-BHS-MLP <br><br> REPORT AND RECOMMENDATION |

## I.     INTRODUCTION AND SUMMARY CONCLUSION

This is a *pro se* civil rights action proceeding under 42 U.S.C. § 1983. Plaintiff Jason Ramos is a Washington prisoner who is currently confined at the Stafford Creek Corrections Center ("SCCC") in Aberdeen, Washington. He has been granted leave to proceed with this action *in forma pauperis*. Service has not been ordered. This Court, having reviewed Plaintiff's amended complaint, and the balance of the record, concludes that Plaintiff has not stated a cognizable claim for relief in this action. The Court therefore recommends that Plaintiff's amended complaint and this action be dismissed, with prejudice, pursuant to 28 U.S.C. § 1915A(b) and 28 U.S.C. § 1915(e)(2)(B).

REPORT AND RECOMMENDATION
PAGE - 1

## II. BACKGROUND

In December 2021, Plaintiff submitted to the Court for filing a civil rights complaint in which he asserted that, beginning in August 2013 while in the custody of the Washington Department of Corrections ("DOC"), he began complaining about pain in his left shoulder. (Dkt. # 5 at ¶ 2.1.) Plaintiff claimed that he was diagnosed with a left shoulder rotator cuff tear at the Harborview Medical Center in August 2013 and again at the Washington State Penitentiary in March 2017. (*Id*.) Plaintiff further claimed that a consultation report issued by the DOC in August 2016 confirmed that cortisone shots and physical therapy, which had apparently been prescribed to treat the shoulder injury, had failed. (*Id*.)

Plaintiff asserted that after being transferred to SCCC in June 2017, he continued to seek medical care for his left shoulder pain and was finally seen for the first time on September 21, 2017, by PAC Bonnie Joy who apparently diagnosed him with bursitis and denied his request for an MRI. (*See* dkt. # 5 at ¶¶ 2.2-2.3, 2.5-2.6, 2.7, 2.16.) From September 2017 through September 2018, Plaintiff continued to file kites and grievances complaining of shoulder pain and a lack of adequate treatment, and requesting an MRI and a consult with a doctor. (*See id*. at ¶¶ 2.8-2.32.) On September 25, 2018, Plaintiff was approved to receive an MRI of his left shoulder. (*Id*. at ¶ 2.33.) The MRI was completed on July 12, 2019, and it confirmed the original diagnosis of a left shoulder rotator cuff tear. (*Id*. at ¶ 2.34.) Four months later, surgery was performed to repair Plaintiff's left shoulder. (*Id*. at ¶ 2.35.)

Plaintiff identified the following Defendants in his original complaint: the State of Washington Department of Corrections ("DOC"); Stephen Sinclair, former Secretary of the DOC; SCCC; Howard Yardley, Warden of the SCCC; Ronald Haynes, Superintendent of the

SCCC; Ryan Herrington, M.D., supervising medical officer at the SCCC; and SCCC health care providers PAC Bonnie Joy, PAC Scott Light, PAC Sasha Bangs, and PAC Erin Lystad. (Dkt. # 5 at ¶¶ 1.2-1.11.) Plaintiff sets forth six causes of action in his complaint which he identified as follows: (1) Failure to Provide Reasonable Medical Care for Inmate; (2) Deliberate Indifference; (3) Violation of 8th Amendment Right to be Free from Cruel and Unusual Punishment; (4) Breach of Duty of Care; (5) Outrage; and (6) Negligence in Training. (*Id*. at ¶¶ 3.1-3.6, 4.1-4.2, 5.1-5.3, 6.1-6.3, 7.1-7.2, 8.1-8.2.) Plaintiff requested damages. (*See id*. at 12-13.)

After reviewing Plaintiff's complaint, this Court concluded that Plaintiff had not stated any viable claim for relief in his pleading. The Court therefore issued an Order declining to serve Plaintiff's complaint and granting him leave to file an amended complaint correcting, if possible, a number of specified deficiencies. (Dkt. # 8.) In particular, the Court noted that it appeared most of the claims asserted in Plaintiff's complaint were likely barred by the three-year statute of limitations applicable to claims brought under 42 U.S.C. § 1983. (*Id*. at 5.) The Court noted as well that the DOC and SCCC were not subject to suit in this action, nor were Stephen Sinclair, Howard Yardley, Ronald Haynes, Dr. Herrington or PAC Joy, who were named as Defendants only in their official capacities and from whom Plaintiff sought only damages. (*Id*. at 5-6.) As to the three remaining Defendants, PAC Light, PAC Bangs, and PAC Lystad, the Court explained that Plaintiff had not alleged facts demonstrating that each of these individuals personally participated in causing him harm of federal constitutional dimension. (*Id*. at 6-7.)

In February 2022, Plaintiff filed an amended complaint in response to the Court's Order declining to serve his original complaint. (Dkt. # 12.) Plaintiff alleges therein claims similar to those alleged in his original complaint, though fewer in number, and the claims appear to be

REPORT AND RECOMMENDATION
PAGE - 3

based on essentially the same set of facts as were alleged in the original pleading. (*See id.*) Plaintiff identifies as Defendants in his amended pleading only Superintendent Ron Haynes, Dr. Ryan Herrington, PAC Bonnie Joy, and PAC Sasha Bangs, and he once again requests damages. (*Id.* at 1, 3-4, 20-21.) The specific claims identified by Plaintiff in his amended pleading are: (1) Deliberate Indifference; (2) Violation of 8th Amendment Right to be Free of Cruel and Unusual Punishment; and (3) Negligence in Training and Supervision. (*Id.* at ¶¶ 3.1-3.11, 4.1-4.5, 5.1-5.3.) The facts alleged by Plaintiff in support of those claims, which are sparse as to the four named Defendants, are detailed below.

      Plaintiff alleges that he was seen by PAC Joy on September 21, 2017, and that she denied his request for an MRI on the grounds that Plaintiff "is a prisoner and we don't do that." (Dkt. # 12 at ¶ 2.7.) Plaintiff alleges that on or about March 15, 2018, PAC Bangs presented Plaintiff's formal request for an MRI to Dr. Herrington, and Dr. Herrington denied the request. (*Id.* at ¶ 2.27.) Plaintiff attributes that denial to the fact that PAC Bangs included in her report her opinion that Plaintiff's persistent attempts to get medical care for his injured shoulder was "somehow cause to consider him a behavioral issue, and thus dismiss his medical concerns." (*Id.*) Plaintiff also alleges that on March 28, 2018, PAC Bangs presented Plaintiff's request to be seen by an outside doctor and receive an MRI to the Care Review Committee ("CRC") and in her presentation characterized "Plaintiff's medical persistence as a behavioral problem." (*Id.* at ¶ 2.28.) Plaintiff claims that PAC Bangs suggested to the CRC that Plaintiff "may have bursitis or tendonitis," and never mentioned to the CRC that the actual reason for his requests was his desire to be properly diagnosed with a torn rotator cuff. (*Id.*) Plaintiff asserts that on April 5,

REPORT AND RECOMMENDATION
PAGE - 4

2018, his request for an MRI, which was based on PAC Bangs's report, was denied by the CRC. (*Id*. at ¶ 2.29.)

With respect to Superintendent Haynes, Plaintiff alleges that on November 17, 2017, he denied Plaintiff's level II grievance concerning PAC Joy's "refusal to render medical aid." (*See id*. at ¶¶ 2.10 -2.15.) Plaintiff further alleges that on March 15, 2018, Superintendent Haynes denied Plaintiff's level II grievance concerning the CRC's failure to respond to a January 2018 medical kite requesting that the CRC approve an MRI or an orthopedic specialist. (*See id*. at ¶¶ 2.19-2.25.) Finally, with respect to Dr. Herrington, Plaintiff's only factual allegation is that he denied his formal request for an MRI on March 15, 2018. (*Id*. at ¶ 2.27.)

### III.   DISCUSSION

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

As noted above, after screening Plaintiff's original complaint this Court determined that most of the claims asserted therein were likely barred by the statute of limitations. This Court's review of Plaintiff's amended complaint leads to the same conclusion. As the Court explained in its Order declining to serve Plaintiff's original complaint (dkt. # 8 at 5), federal courts apply the forum state's statute of limitations governing personal injury actions for claims brought under 42

REPORT AND RECOMMENDATION
PAGE - 5

U.S.C. § 1983. *See Wilson v. Garcia*, 471 U.S. 261, 266-67 (1985). Thus, the applicable limitations period for Plaintiff's claims is three years. RCW 4.16.080(2). Although state law provides the applicable limitations period, federal law determines when the cause of action accrues. *See Fink v. Shedler,* 192 F.3d 911, 914 (9th Cir. 1998) (citing *Elliott v. City of Union City*, 25 F.3d 800, 802 (9th Cir. 1994)). Under federal law, a claim accrues when the plaintiff knows, or should have known, of the injury which is the basis of the cause of action. *Id*.

It is clear from the allegations in Plaintiff's amended pleading that he was aware as early as 2013 that he was suffering from a torn rotator cuff, and the claims asserted against Defendants arise out of their alleged failure to properly diagnose and treat that injury between September 21, 2017, when Plaintiff was first seen by PAC Joy, and April 5, 2018, when the CRC denied Plaintiff's request to be seen by an outside doctor and to receive an MRI based on the content of PAC Bangs's presentation of Plaintiff's case to the CRC. (*See* dkt. # 12 at ¶¶ 2.7, 2.28-2.29.) There are no allegations in Plaintiff's amended pleading that any of the named Defendants were involved in his care after the CRC rendered its decision on April 5, 2018. Plaintiff did not submit his original complaint to the Court for filing until December 13, 2021, well over three years after the events upon which Plaintiff's claims are based occurred.

Plaintiff asserts in his amended complaint that his claims "should be considered timely because plaintiff has exhausted all administrative remedies." (Dkt. # 12 at ¶ 1.7.) However, Plaintiff fails to make clear how his exhaustion argument affects the statute of limitations calculus in this case. Assuming Plaintiff intends to argue that his claims did not accrue until he completed the process of exhausting his administrative remedies in relation to his asserted claims, it appears from Plaintiff's amended pleading that any exhaustion of remedies occurred

within the approximate time frame referenced above. Nothing in Plaintiff's amended pleading suggests that the exhaustion process as to any of his claims extended to, or beyond, December 13, 2018, as would have been necessary to support the suggestion that Plaintiff's claims accrued less than three years before this action was filed.

Plaintiff also asserts in his amended pleading that he is entitled to equitable tolling of the limitations period, and he cites to the fact that COVID-19 outbreaks at the SCCC over the past two years have "caused program closures and significant law library closures" at the facility. (Dkt. # 12 at ¶¶ 1.8-1.9.) Federal courts apply a forum state's law regarding equitable tolling for actions arising under § 1983. *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004). In Washington, courts permit equitable tolling "when justice requires." *Millay v. Cam*, 135 Wn.2d 193, 206 (1998). "The predicates for equitable tolling are bad faith, deception, or false assurances by the defendant and the exercise of diligence by the plaintiff." *Id.* Courts "typically permit equitable tolling to occur only sparingly, and should not extend it to a garden variety claim of excusable neglect." *State v. Robinson*, 104 Wn. App. 657, 667 (2001) (internal quotations omitted).

Here, Plaintiff has not made a compelling showing that equitable tolling is appropriate. Plaintiff claims that he spent many years attempting to obtain a proper diagnosis of, and proper treatment for, what he already knew to be a torn rotator cuff. However, he waited until years after he had been authorized to receive the MRI he believed Defendants should have earlier provided, and until after surgery was performed to repair the injured shoulder, before deciding to seek relief from the Court. The Court is not persuaded that Plaintiff has been diligent in pursuing his claims against the four Defendants whose conduct is at issue here, nor has he demonstrated that any "bad faith, deception, or false assurances" by any of the Defendants caused the untimely

REPORT AND RECOMMENDATION
PAGE - 7

filing. While the Court is cognizant of the fact that COVID-19 has caused disruptions in the normal operations of corrections facilities, Plaintiff has not demonstrated that lockdowns and intermittent law library closures over the course of the past two years entitle him to equitable tolling in this matter.

## IV.   CONCLUSION

Based on the foregoing, this Court recommends that Plaintiff's amended complaint and this action be dismissed, with prejudice, pursuant to 28 U.S.C. § 1915A(b) and 28 U.S.C. § 1915(e)(2)(B), for failure to state a cognizable claim for relief under § 1983. This Court further recommends that Plaintiff's pending motion for appointment of counsel (dkt. # 10), which was submitted with his amended pleading, be denied as moot. A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **April 8, 2022**.

DATED this 11th day of March, 2022.

MICHELLE L. PETERSON
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 8