UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JASON MICHEAL RAMOS,

                    Plaintiff,

    v.

WASHINGTON STATE
DEPARTMENT OF CORRECTIONS,
et al.,

                    Defendants.

CASE NO. C21-5902 BHS

ORDER ADOPTING REPORT
AND RECOMMENDATION

This matter comes before the Court on the Report and Recommendation ("R&R")
of the Honorable Michelle L. Peterson, United States Magistrate Judge, Dkt. 16, and
Plaintiff's objections to the R&R, Dkt. 17.

## I.   BACKGROUND

Plaintiff Jason Ramos is an inmate at Stafford Creek Corrections Center ("SCCC")
in Aberdeen, Washington. Ramos alleges that he was denied adequate medical care by
the Washington Department of Corrections ("DOC"), from 2013 to 2018 after he had
been diagnosed with a rotator cuff tear at two hospitals, and that SCCC disregarded his
complaints and instead treated him for bursitis for about a year before approving him for

an MRI in 2018. Dkt. 12, ¶¶ 2.1–2.32. The MRI was ultimately completed on July 12,

2019 and it confirmed that Ramos had a torn rotator cuff. *Id.* ¶ 2.33. He had surgery four

months later to repair his shoulder. Dkt. 5, ¶ 2.35.

Ramos initially sued the DOC, SCCC, and eight individual defendants in their

official capacities seeking damages on December 13, 2021. *See* Dkt. 5. He asserted six

causes of action against those defendants: (1) Failure to Provide Reasonable Medical

Care for Inmate; (2) Deliberate Indifference; (3) Violation of Eighth Amendment Right to

be Free from Cruel and Unusual Punishment; (4) Breach of Duty of Care; (5) Outrage;

and (6) Negligence in Training. *Id.* He sought damages. *Id.*

Judge Peterson reviewed Ramos's original complaint under 28 U.S.C. § 1915A

and determined that Ramos had failed to state a viable claim for relief. *See* Dkt. 8. She

declined to serve the complaint but granted Ramos leave to amend. *Id.* Specifically,

Judge Peterson pointed out that DOC and SCCC were not properly subject to suit in this

action, and neither were five of the individually named defendants who were sued only in

their official capacities and from whom Ramos only sought money damages. *Id.* at 5–6.

As to the three other individual defendants, Judge Peterson explained that Ramos had not

alleged sufficient facts demonstrating they had personally participated in any

constitutional violations. *Id.* at 6–7. Judge Peterson also pointed out that most or all of

Ramos's claims were likely barred by the three-year statute of limitations. *Id.* at 5.

Ramos amended his complaint in February 2022, retaining three of his claims: (1)

Deliberate Indifference; (2) Violation of Eighth Amendment Right to be Free of Cruel

and Unusual Punishment; and (3) Negligence in Training and Supervision. *See* Dkt. 12.

His amended complaint only names four individual defendants: Superintendent Ron Haynes, Dr. Ryan Herrington, PAC Bonnie Joy, and PAC Sasha Bangs. *Id.* Specifically, he alleges that Joy denied him an MRI on September 21, 2017, *id.* ¶ 2.7, that Haynes denied his medical grievance appeals on November 17, 2017 and March 15, 2018, *id.* ¶¶ 2.15, 2.26, and that Herrington denied his formal request for an MRI in March 2018 because Bangs presented Ramos as having behavioral problems, *id.* ¶¶ 2.27–2.28. He again seeks money damages. *Id.* at 20–21.

Judge Peterson recommends that this Court dismiss Ramos's amended complaint under 28 U.S.C. § 1915A(b) and 28 U.S.C. § 1915(e)(2)(B) for failure to state a cognizable claim for relief under § 1983 because his claims are barred by the applicable three-year limitations period. Dkt. 16. She also recommends that the Court deny as moot Ramos's motion for appointment of counsel, Dkt. 10, which was submitted with his amended pleading. Ramos objects, arguing that his claims should be subject to equitable tolling because his access to the law library has been restricted due to COVID-19 lockdowns. Dkt. 17. He seeks appointment of counsel primarily because of the complexity of arguing equitable tolling. *See* Dkt. 12, ¶ 1.10; Dkt. 10.

## II.   DISCUSSION

A district judge must determine de novo any part of the magistrate judge's disposition to which a party has properly objected. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3). A proper objection

1   requires specific written objections to the findings and recommendations in the R&R.

2   *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

3       Nevertheless, objections to a Magistrate's Report and Recommendation are not an

4   appropriate vehicle to rehash or re-litigate the points considered and resolved by the

5   Magistrate Judge. *See, e.g.*, *El Papel LLC v. Inslee*, No. 20-cv-01323 RAJ-JRC, 2021 WL

6   71678, at *2 (W.D. Wash. Jan. 8, 2021) ("Because the Court finds that nearly all

7   objections are merely a rehash of arguments already raised and decided upon by the

8   Magistrate Judge, the Court will not address each objection here."); *Aslanyan v. Herzog*,

9   No. 14-cv-0511 JLR, 2014 WL 7272437, at *1 (W.D. Wash. Dec. 17, 2014) (rejecting a

10  challenge to a Magistrate's Report and Recommendations when "all of [plaintiff's]

11  objections simply rehash arguments contained in his amended opening memorandum or

12  in his reply memorandum") (internal citations omitted).

13      As Courts in other Districts have recognized and explained, such re-litigation is

14  not an efficient use of judicial resources:

15          There is no benefit to the judiciary "if the district court[] is required to
            review the entire matter de novo because the objecting party merely repeats
16          the arguments rejected by the magistrate. In such situations, this Court
            follows other courts that have overruled the objections without analysis."
17          *Hagberg v. Astrue*, 2009 WL 3386595, at *1 (D. Mont. Oct. 14, 2009). In
            short, an objection to a magistrate's findings and recommendations "is not a
18          vehicle for the losing party to relitigate its case." *Id.*

19  *Conner v. Kirkegard*, No. CV 15-81-H-DLC-JTJ, 2018 WL 830142, at *1 (D. Mont. Feb.

20  12, 2018); *see also Fix v. Hartford Life & Accident Ins. Co.*, CV 16-41-M-DLC-JCL,

21  2017 WL 2721168, at *1 (D. Mont. June 23, 2017) (collecting cases); *Eagleman v. Shinn*,

22  No. CV-18-2708-PHX-RM (DTF), 2019 WL 7019414, at *4 (D. Ariz. Dec. 20, 2019)

("[O]bjections that merely repeat or rehash claims asserted in the Petition, which the magistrate judge has already addressed in the R&R, are not sufficient under Fed. R. Civ. P. 72.").

Ramos already raised equitable tolling before Judge Peterson and she fully considered and addressed that argument. *See* Dkt. 12, ¶¶ 1.8–1.9; Dkt. 16 at 7–8. Ramos does not raise any new or more persuasive argument as to why equitable tolling should excuse his late filing in this case. Nevertheless, the Court will briefly address equitable tolling.

In § 1983 actions, "courts apply the forum state's statute of limitations for personal injury actions, along with the forum state's law regarding tolling, including equitable tolling, except to the extent any of these laws is inconsistent with federal law." *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004). In Washington that statute is RCW 4.16.080(2), which is a three-year limitations period. *Bagley v. CMC Realty Corp.*, 923 F.2d 758, 760 (9th Cir. 1991). Therefore, in this District, the limitations period for a § 1983 claim is three years. Washington also applies equitable tolling "when justice requires." *Millay v. Cam*, 135 Wn.2d 193, 206 (1998) (en banc). Courts consider whether the defendant has engaged in "bad faith, deception, or false assurances" and whether the plaintiff has exercised diligence. *Id.*

The threshold question is when the limitations period began to run. All of Ramos's claims have a three-year limitations period. The latest event Ramos connects to any of the defendants is in March 2018, when he alleges Bangs persuaded Herrington and others to deny his request for an MRI. Thus, the limitations period on that claim would have

1    expired in March 2021.[1] Further, Ramos acknowledges that he was approved for an MRI

2    on September 25, 2018. Dkt. 12, ¶ 2.32. Therefore, any claims regarding denial of his

3    requests for an MRI were time barred at the very latest after September 25, 2021. He does

4    not make any claims regarding the time he waited between when he was approved for an

5    MRI in September 2018 and when he received the MRI in July 2019. Ramos filed his

6    complaint on December 13, 2021—months after the limitations period ran for each of his

7    claims. Therefore, Ramos's claims are time-barred unless equitable tolling applies.

8         The Court agrees with the R&R's conclusion that equitable tolling does not apply

9    to this case. Ramos had many years to pursue his claims, including almost two years prior

10   to the start of COVID-19. While his access to the law library was likely limited during

11   the pandemic, he could have filed something within the limitations period. Pro se filings

12   frequently do not contain all necessary legal citations, and in such situations, the Court

13   holds the pro se plaintiff's pleadings "to less stringent standards than formal pleadings

14   drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The defendants did not

15   engage in bad faith or deception or make any false assurances and Ramos has not

16   adequately demonstrated that he exercised diligence.

17                                    **III.  ORDER**

18        The Court having considered the R&R, Plaintiff's objections, and the remaining

19   record, orders as follows:

20

21   _____

         [1] Ramos also appears to acknowledge in his objections that his latest grievance related to this case
22   was filed on March 26, 2018, Dkt. 17 at 2, and exhausted on May 8, 2018, *id.* at 7. Taking that as true, no
     claims after that point were properly exhausted.

ORDER - 6

(1)   The R&R is **ADOPTED**;

(2)   Ramos's Amended Complaint, Dkt. 12, is **DISMISSED with prejudice**;

(3)   Ramos's Motion for Appointment of Counsel, Dkt. 10, is **DENIED as moot**;

(4)   Ramos's *in forma pauperis* status is **REVOKED** for purposes of appeal; and

(5)   The Clerk shall enter a JUDGMENT and close the case.

Dated this 3rd day of June, 2022.

BENJAMIN H. SETTLE
United States District Judge